IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR 03-228-01-PA |
| | ) | CV 05-299-PA |
| THOMAS DAVID JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, J.**

Defendant Thomas David James pleaded guilty to interstate travel with intent to engage in a sexual act with a minor. Defendant moves under 28 U.S.C. § 2255 to vacate and correct the sentence. I deny the motion.

## BACKGROUND

At sentencing, I ruled that the Sentencing Guidelines as amended by the Feeney Amendments were in effect, so defendant was not eligible for a downward departure based on aberrant behavior. See U.S.S.G. § 5K2.20. I also found that defendant should receive a two-level enhancement for use of a computer to persuade

1 - ORDER

or induce a minor. See U.S.S.G. § 2A3.2(b)(3). I sentenced defendant to thirty-three months in prison, the low end of the guideline range.

**DISCUSSION**

**I.   Defendant Waived His Right to Bring this Motion**

The United States contends that in the plea agreement, defendant waived his right to bring this collateral attack on his sentence. The plea agreement, as stated in a letter from the assistant U.S. attorney to defense counsel, provides:

> 13.  <u>Waiver of Appeal/Post Conviction Relief.</u>  The defendant knowingly and voluntarily waives his right to file an appeal in this case. Defendant further knowingly and voluntarily waives his right to petition for post conviction relief, except concerning ineffective assistance of counsel or retroactive application of the sentencing guidelines.

The parties amended the plea agreement with the following provision:

> Notwithstanding the limitations stated in defendant's plea agreement, the United States Attorney's office and the defendant agree that should the Ninth Circuit Court of Appeals decide that the *Feeney* Amendment to the PROTECT Act, Pub. L. No. 108-21, 117 Stat. 650 (2003), has rendered the United States Sentencing Guidelines unconstitutional, as argument in the Defendant's Motion to Impose Sentence Without Reference to the Sentencing Guidelines, the defendant shall be returned forthwith to the United States District Court for resentencing in accordance with the Ninth Circuit's decision.

The government argues that defendant knowingly and voluntarily waived his statutory right to attack the sentence collaterally, except for the specified grounds. Assuming that

the amendment to the plea agreement is enforceable, the government contends that defendant's motion should be dismissed because the conditions precedent for resentencing have not occurred.

Here, there is no evidence that defendant's waiver is invalid. See United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000) (waiver valid when entered into knowingly and voluntarily). I agree with the government that the plea agreement's conditions precedent for resentencing or for filing a collateral challenge have not occurred. There is no allegation of ineffective assistance of counsel, and the Ninth Circuit has not held that the Feeney Amendment renders the Sentencing Guidelines unconstitutional.

In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 764 (2005), the Court did strike a provision of the Feeney Amendment, 18 U.S.C. § 3742(e), which addressed standards of review for sentences on appeal. However, here defendant's challenge was based mainly on the separation of powers doctrine. The Booker Court stated that Mistretta v. United States, 488 U.S. 361 (1989), which held that the composition of the Sentencing Commission did not violate the separation of powers doctrine, was still good law. 125 S. Ct. at 754-55.

**II. Defendant's Claims Fail on the Merits**

Even if the plea agreement allowed defendant to bring this

3  - ORDER

motion, the motion fails on the merits. Defendant relies on the premise that Booker and Blakely v. Washington, 542 U.S. 296 (2004), apply retroactively. The Ninth Circuit has rejected that premise. See Schardt v. Payne, 414 F.3d 1025, 1035-38 (9th Cir. 2005) (Blakely does not apply retroactively on collateral review); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005) (Booker does not apply retroactively on collateral review).

Defendant also relies on Apprendi v. New Jersey, 530 U.S. 466 (2000). When defendant was sentenced, before Booker was decided, the Ninth Circuit interpreted Apprendi as requiring proof of a fact beyond a reasonable doubt only when the fact would increase the penalty beyond the statutory maximum. United States v. Jordan, 256 F.3d 922, 933-34 (9th Cir. 2001). Here, under then-governing law, defendant's sentence was well below the statutory maximum.

## CONCLUSION

Defendant's motion to vacate, set aside, or correct sentence (#1) is denied.

DATED this 2‑2 day of December, 2005.

*[signature]*
OWEN M. PANNER
U.S. DISTRICT JUDGE